372 P.2d 346

AMERICAN SAVINGS & LOAN ASSOCIA-
TION, a corporation, Plaintiff
and Respondent,

v.

Clinton H. ANDERSON et al., Defendants
and Respondents.

Harry BERMAN, Cross-Complainant
and Appellant,

v.

Joseph Jerry JEREMY and Jacqueline Jere-
my, his wife, Cross-Defendants
and Respondents.

No. 9566.

Supreme Court of Utah.

June 20, 1962.

Davis & Bayles, Salt Lake City, for ap-
pellant.

Hurd, Bayle & Hurd, Wallace R. Lauch-
nor, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment denying liability
as unqualified endorser on a note trans-
ferred by assignment, followed by an en-
dorsement without recourse. Affirmed, with
costs to Jeremys.

Jeremys sold their home, and in part
payment, took a promissory note secured by
a second mortgage. They then purchased
Berman's home. It was agreed that the
latter would accept the note and mortgage
in partial payment. A Mr. Webber, close
friend of Berman, but unknown to Jeremys
theretofore, acted as real estate agent for
both parties. It is undisputed that Berman

had full confidence in Webber, leaving all matters incident to the transaction to him. Jeremys told Webber that "if a deal hinges on it (endorsement of the note by Jeremys), I could not possibly purchase the home." Webber said that he thought he had imparted this indisposition to Berman, who denied he had received such information. Nonetheless, Webber prepared a separate assignment of the note and mortgage to Berman. Jeremys signed and Berman accepted the assignment without any complaint. Shortly the makers of the note defaulted, but Berman made no demand upon Jeremys, looking to the makers for payment, until about 14 months after the transaction, when, incident to a foreclosure suit, he requested Jeremys' endorsement. The latter called their attorney, who told them only to endorse without recourse, which they did. The record reflects no request for an unqualified endorsement.

There was controversion as to some of the facts, but those abstracted supra are those favoring Jeremys' contentions, and those customarily reviewable on appeal. The trial court concluded that there was an understanding that Jeremys did not and would not consent to an unqualified endorsement. Such being the case, we must affirm the trial court. So doing, we conclude that Title 44–1–50, Utah Code Annotated, 1953, having to do with acquisition by a transferee of an unendorsed note having a right to require an unqualified endorsement, is not apropos.

There is a conflict of authority as to whether a simple assignment of a note without endorsement on the note itself amounts to a guaranty by the transferor, but we need not canvass that matter. The assignment here, the subsequent endorsement without recourse without objection on the part of the transferee, and the emphasis Jeremys placed on their refusal to commit themselves to personal liability, are sufficient to negate an unqualified endorsement, and to affirm the trial court, in the light, even, of the statutory concession made to transferees of unendorsed negotiable instruments.

On appeal it was urged that Webber was the agent of both Berman and Jeremy, and that Berman should not suffer at the expense of nondisclosure by the agent. Whether such disclosure was made is one of the disputed areas of this case. But Webber, friend and agent of Berman, at the latter's request, acted for him, and testified that he thought he had made such disclosure. The Jeremys, as well as Berman, had a stake in this venture, and stood to lose the amount evidenced by the note, which was taken as part consideration for the sale of their home. By their transfer to Berman, they lost their right to pursue those who had purchased from them. On the other hand, Berman may pursue the makers of the note to recover.

Nothing in the record reflects any intentional fraud or concealment on the part of Webber. The authorities cited by Berman to indicate he should not be the victim of a loss, are in most part cases where such fraud or concealment was present, and are not pertinent.

The Utah authorities cited are factually different and cannot be authoritative here.[1]

WADE, C. J., and McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.

1. Ackerman v. Bramwell Inv. Co., 80 Utah 52, 12 P.2d 623 (1932); Pritchard v. Strike, 66 Utah 394, 243 P. 114, 44 A.L.R. 1348 (1926).